*e-filed 8/29/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SARINH DUONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____/

No. CV 07-2147 HRL

**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; and (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**[Re: Docket Nos . 15, 18]**

Plaintiff Sarinh Duong appeals a final decision by the Commissioner denying his application for supplemental social security income. Plaintiff's motion for summary judgment and for remand, and defendant's cross-motion for summary judgment were submitted to the court for consideration without oral argument. Based on the papers filed by the parties, and for the reasons set forth below, plaintiff's motion for summary judgment is granted in part and denied in part, defendant's cross-motion for summary judgment is granted in part and denied in part, and the case is remanded for reconsideration consistent with this opinion.[1]

## I.  BACKGROUND

Duong came to the United States in 1984, and became a naturalized citizen in 2001. His primary language is Cambodian; he has a limited education and claims an inability to

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

communicate in English. In the past, he worked as a casino floorman, gardener, and a car and boat mechanic.

In September 2004, Duong filed an application for supplemental social security income, claiming disability since September 1, 2004 based on his poor vision, shortness of breath, headaches, nightmares and mental problems.[2] The claim was initially denied. Upon reconsideration the claim was denied again, and he requested a hearing before an Administrative Law Judge ("ALJ"). On February 24, 2006, the ALJ issued his decision, finding that plaintiff is not disabled under Section 1614(a)(3)(A) of the Social Security Act.

On February 12, 2007, the Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. Duong now seeks judicial review of that decision.

## II.  LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision "must be upheld if it was: (1) supported by substantial evidence, and (2) free of legal error." *Rockwood v. Comm'r of Soc. Sec. Admin.,* 251 Fed. Appx. 460, 461 (9th Cir. 2007). "Substantial evidence" means "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept [it] as adequate to support the conclusion." *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court examines the administrative record as a whole, considering adverse as well as supporting evidence to determine whether substantial evidence exists to support the Commissioner's decision. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When evidence supports more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

---

[2] The instant action concerns only plaintiff's 2004 application for benefits. Although the record indicates that plaintiff filed an application in 2003, because he alleged a 2004 onset date for his current claim, there is no basis for reopening the prior application.

2

## III.  DISCUSSION

A person has a disability when he is unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 423(d)(1)(A). An ALJ employs a five-step analysis to evaluate the claimant's disability. *See* 20 C.F.R. § 404.1520. "The claimant carries the initial burden of proving a disability in steps one through four of the analysis. However, if a claimant establishes an inability to continue [his] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

First, the ALJ must determine whether a claimant is currently engaged in substantial gainful activity. If he is, the claimant is not disabled. If he is not, the ALJ proceeds to step two: evaluating whether the claimant's impairment (or combination of impairments) are "severe" within the meaning of 20 C.F.R. 416.920(c). If the claimant's impairments are not severe, he is not disabled. If they are severe, the ALJ must continue the analysis to step three: determining whether the claimed impairment (or combination of impairments) meets or equals a listed impairment under 20 C.F.R., pt. 404, subpart P, App. 1. If the impairment meets or equals a listed impairment, the claimant is presumed to be disabled. If not, step four requires the ALJ to assess whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. If he is capable, he is not disabled. If he is not capable, however, the ALJ continues to step five: considering whether the claimant retains the RFC to perform any other substantial gainful activity in the national economy. If he has the RFC to perform any other substantial gainful activity, claimant is not disabled. If he does not, he is disabled.

In this case, the ALJ found (1) that plaintiff was not engaged in substantial gainful activity; (2) that the combination of his impairments were severe but (3) did not meet or equal a listed impairment. The ALJ assessed plaintiff's RFC and held that (4) he is capable of performing his past relevant work as a casino floorman. Because the ALJ found the plaintiff was not disabled at step four, he was not required to proceed to step five.

3

Duong claims that the ALJ erred by (1) improperly discounting his testimony, and that of a lay witness; (2) not finding his mental impairments were "severe," and not taking his mental impairments into account in the RFC; and (3) finding that he has the RFC to perform his past work as a casino floorman. Defendant asserts that the ALJ's decision is supported by substantial evidence, and is free of legal error.

**A.     Adverse Credibility Determinations**

*1.     Plaintiff's Symptom-Reporting*

First, Duong claims that the ALJ improperly discounted his own testimony about his symptoms and limitations, including anxiety, limited daily activities, lack of energy, headaches, and back pain. Specifically, he objects to the following finding: "the allegations by the claimant as to the intensity, persistence, and limiting effects of his symptoms are not well supported by probative evidence and are not wholly credible." AR 22. He argues this violated the requirement that the ALJ provide "clear and convincing" reasons for rejecting or discounting his testimony. *See Regennitter v. Commr*, 166 F.3d 1294, 1296 (9th Cir. 1999).

Defendant does not dispute the applicability of the "clear and convincing" standard but argues that it does not require the ALJ to address each alleged symptom. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (upholding the ALJ's credibility determination when the ALJ provided clear, convincing, and specific reasons for partially rejecting the claimant's subjective claims). Here, the ALJ discredited plaintiff's symptom-reporting for six specific reasons:

> . . . there are discrepancies between [1] the claimant's assertions and the degree of medical treatment (including medications) sought and obtained, [2] the diagnostic tests and findings made on examination, [3] the reports of the treating and examining physicians . . . [4] the level of restrictions on the claimant in the physician opinions of record . . . and [5] the level of follow-up treatment, including diagnostic testing, ordered by the treating physicians. . . . [6] it is not unreasonable to infer that a person who experiences the levels of pain and disability alleged by the claimant would seek medical care on a regular and persistent basis. However, the claimant has not done so. AR 21-22.

When discrediting a plaintiff's testimony of pain, an ALJ must make findings that are sufficiently specific to permit a court to conclude that the conclusion was not arbitrary. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). Here, the ALJ's findings were

4

1  sufficiently specific because he listed six reasons for his determination that plaintiff's testimony
2  was not credible. Although a claimant is not required to seek treatment, the ALJ may consider a
3  lack of treatment in a credibility determination. *Burch,* 400 F.3d at 681. It was also appropriate
4  for the ALJ to compare plaintiff's claims with objective medical records. *Morgan v. Comm'r of*
5  *the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). It is permissible for the ALJ to draw
6  the inference that plaintiff's pain was not severe enough to motivate him to seek treatment.
7  *Oreza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

8  Duong insists that the ALJ must expressly consider all of his stated symptoms and their
9  possible cause. *Burch* imposes no such requirement. The ALJ considered Duong's testimony
10 about his symptoms, and based the credibility determination on valid factors. Defendant's
11 motion for summary judgment is granted on this issue, and plaintiff's motion is denied.

### 2. *Lay Witness Testimony*

13 Next, Duong claims that this court should remand his case because the ALJ's opinion
14 does not address a lay witness' written statement, citing *Robbins v. Social Security*
15 *Administration*. 466 F.3d 880, 885 (9th Cir. 2006) ("the ALJ is required to account for all lay
16 witness testimony in the discussion of his or her findings"). Defendant claims that *Vincent v.*
17 *Heckler* controls, not *Robbins*. In *Vincent*, the Ninth Circuit said that the Secretary was not
18 required to discuss all evidence presented but must only explain "why 'significant probative
19 evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1395 (1984) (per curiam).

20 In *Nguyen v. Chater*, the Ninth Circuit explained the seeming contradiction between
21 these two cases: "[l]ay testimony as to a plaintiff's *symptoms* is competent evidence which the
22 [ALJ] must take into account, unless he expressly determines to disregard such testimony, in
23 which case 'he must give reasons that are germane to each witness.'" *Nguyen v. Chater,* 100
24 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in original) (quoting *Dodrill v. Shalala*, 12 F.3d 915,
25 919 (9th Cir. 1993). The *Nguyen* court explained that the lay witness testimony in *Vincent* was
26 not competent evidence because the *Vincent* witnesses made medical diagnoses, which was
27 improper. *Id.* "However, lay witness testimony as to a claimant's *symptoms* or how an

5

impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." *Id* (emphasis added).

Here, the lay witness' statements indicate that plaintiff is often inactive and forgetful but has no problems communicating with others. *See* AR 122-127.  This fairly neutral testimony does not discuss how plaintiff's impairment affect his ability to work.  It does, however, discuss symptoms, and it does not make any medical diagnoses. Under *Nguyen*, the ALJ should have discussed the statement, and given germane reasons for (apparently) disregarding it. Because he did not, plaintiff's motion for summary judgment is granted and defendant's motion is denied.

**B.     Mental Impairment Findings**

Next, Duong says that the ALJ erred in his step two findings. According to Duong, the ALJ failed to account for evidence of his "very compromised intellectual abilities." According to Duong, his mental impairments should have been listed as a "severe impairment."

Defendant responds that the plaintiff has the burden to prove that he has a medically determinable physical or mental impairment and to prove the nature and severity of that impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  In addition, defendant contends that the plaintiff had the obligation to provide the evidence to the ALJ for the  RFC analysis. 20 C.F.R. § 416.945(a)(3).  Defendant contends that plaintiff failed to produce acceptable medical evidence of borderline intellectual functioning.

At step two, the ALJ must assess whether the claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities. § 404.1520(a)(4)(ii). The "ability to do basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). An impairment is not severe if it is merely "a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." S.S.R. No. 96-3(p) (1996); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing rules).

In 2003, plaintiff was referred by the Department of Social Services Disability Evaluation Division to Dr. Ubaldo Sanchez, a licensed psychologist. Dr. Sanchez was asked to assess plaintiff's "current intellectual, cognitive, psychological and emotional states, and how

6

1 they might affect his ability to work." A.R. 213. Among other tests, Dr. Sanchez administered
2 the Test of Non-Verbal Intelligence ("TONI,"), and concluded that Duong's non-verbal abstract
3 and visual analysis skills were "below average." *Id.* The ALJ never discussed Dr. Sanchez's
4 conclusions, and only mentioned the TONI score once, when summarizing the medical expert's
5 testimony. A.R. 21. Even there, the ALJ only seemed to account for plaintiff's mental abilities
6 in relation to the step three analysis (whether the impairments met or equaled the listing for
7 mental retardation) and not in relation to step two (whether Duong's limited mental abilities
8 were severe). The failure to account for uncontroverted medical evidence requires remand.
9 Therefore, plaintiff's motion for summary judgment is granted and defendant's motion is
10 denied.

**C.   Ability to Perform Past Work**

In step four, the ALJ determined whether plaintiff retained the RFC to perform the requirements of his past relevant work. "Past relevant work" is work performed within the fifteen year period prior to the alleged disability.

From 1989 through 2004, Duong worked as a casino floor worker.[3] On his 2003 work history report, he described the position as a forty hour work week that required "some" lifting of less than ten pounds, no technical knowledge or use of machines, tools, or equipment, no need to write reports or complete forms, and no supervisory responsibilities. AR 116. On his 2004 work history report, he described the casino job as "rearrangement of tables and chairs, explain to customer, invite people to get a seat to play." AR 164.

In step four, the ALJ must first determine a claimant's RFC. *See* SSR 82-62. In his RFC determination the ALJ limited plaintiff to simple repetitive tasks. AR 22. Duong objects that this RFC did not account for his limited intellectual capacity. Next, the ALJ must make findings about the physical and mental demands of the claimant's past job. *See* SSR 82-62. Here, the ALJ found that plaintiff's casino job entailed "rearranging tables and chairs, inviting people to

---

[3] The record indicates that Duong worked several other jobs in the 15-year period prior to his application. For instance, one Work History Report indicates that Duong worked as a mechanic (AR 163), another states he worked as a boat repairman and as a gardener (AR 114). However, the ALJ only considered the casino worker position in step four.

7

take a seat, and inviting them to play." The ALJ did not include the other duty Duong listed, "explain[ing] to customer[s]," and did not make a finding about the mental demands of the job. Then the ALJ compared the physical and mental demands of plaintiff's past relevant work with his RFC to determine whether retains the capacity to perform that work. Here, the ALJ found that claimant retained the RFC to perform his past work as described.

Step four requires the ALJ to make a finding about both the physical and mental demands of the job, and to account for the entire job description of the past relevant work. The ALJ did neither. Accordingly, on this issue, plaintiff's motion for summary judgment is granted and defendant's motion is denied.

## IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

2. Defendant's cross-motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

3. The matter is REMANDED for further proceedings consistent with this opinion; and

4. The Clerk of the Court shall close the file.

Dated: 8/29/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

**Notice will be electronically mailed to:**

jim_miller0@yahoo.com, sarah.ryan@ssa.gov, shea.bond@ssa.gov,

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.