NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SARINH DUONG,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

No. CV 07-2147 HRL

**ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

[Re: Docket No. 25]

Plaintiff Sarinh Duong appealed the administrative decision that he was not disabled under Section 1614(a)(3)(A) of the Social Security Act. On August 29, 2008, this court issued an order and judgment remanding the matter for further fact finding. Duong now seeks $6,014.19 for attorney's fees under the Equal Access to Justice Act (EAJA). Based on the papers filed by the parties, and for the reasons set forth below, the requested amount for attorney's fees shall be paid to plaintiff Sarinh Duong.

**I. LEGAL STANDARD**

To award attorney's fees under the EAJA, the court must determine that: (1) the claimant was the prevailing party; (2) the government has failed to show that its position was "substantially justified" or that special circumstances make the award unjust; and (3) the requested fees and costs are reasonable. *See* 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A). The

fee application must be submitted to the court within 30 days of final judgment in the action. *Id*. at § 2412(d)(1)(B).

## II. DISCUSSION

### A.  Timely Filing of EAJA Application

The Commissioner contends that plaintiff's application was untimely and should therefore be denied. The thirty-day time limit for an EAJA application begins to run when the judgment becomes "final and not appealable," i.e., the expiration of the 60-day appeal period. *Benoit v. Astrue*, 2008 WL 5411577, at *1, Case No. 07-CV-0737 DMS (AJB) (S.D.Cal. Dec. 29, 2008); FED. R. APP. P. 4(a)(1)(B). Thus, a party must submit an EAJA application for attorney's fees to the court within ninety days of a district court remand. *Benoit*, 2008 WL 5411577, at *1. In the instant case, ninety days from the August 29, 2008 remand date was November 27, 2008, Thanksgiving day. Under both the Federal Rules of Appellate Procedure and Civil Procedure, a filing on the following Monday is timely if the district court clerk's office was inaccessible on the Friday after Thanksgiving. FED. R. APP. P. 26(a)(3); FED R. CIV. P. 6(a)(3); *see also Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 747 (9th Cir. 2001). Because, Friday November 28, 2008 was a court holiday and the clerk's office was inaccessible, plaintiff's filing on Monday, December 1, 2008 was timely.

### B.  Reasonableness of Attorney's Fees

The Commissioner does not address Duong's eligibility for EAJA fees. There is no dispute that he was the prevailing party and that the Commissioner's position was not "substantially justified." Defendant Commissioner only contends that the requested fees are unreasonable. Determining the amount of a reasonable fee award begins with the number of hours reasonably expended multiplied by a reasonable hourly rate. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The hourly rate is fixed by statute, but is subject to adjustment if the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

The EAJA permits the court, in its discretion, to reduce the award to the party if they "unduly and unreasonably" protracted the final resolution of the case. *Id*. at § 2412(d)(1)(C). The court also has discretion in reducing the number of hours if the time claimed is

1  inadequately documented, excessive, redundant, or otherwise unnecessary. *Cunningham v.*
2  *County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988).   In determining reasonableness of
3  hours, courts may also consider whether the time spent is commensurate with the results
4  obtained. *Id*. at 486.

5  Defendant does not contest the hourly rate that counsel claims, but only disputes the
6  reasonableness of the hours billed.  The Commissioner contends that the 15.5 hours Duong's
7  attorney spent briefing plaintiff's reply was excessive (by comparison to the 9.6 hours he spent
8  on the opening brief).  Having reviewed the reply, it appears that counsel made a reasonable
9  effort to respond to each of the defendant's arguments.  Taking into account the fact that the
10 reply analyzes the opposition and distinguishes the cited authorities, 15.5 hours does not appear
11 excessive.

12 The Commissioner also argues that the 1.6 hours plaintiff's counsel spent evaluating this
13 court's remand order for notice of appeal is unreasonable, as this had no value to his client (who
14 did not appeal anyway since he was the prevailing party).  This argument overlooks the duty
15 counsel had to review the order to communicate it to his client, and present options.  Since the
16 order denied plaintiff's motion in part, a prudent attorney would have to determine whether an
17 appeal was appropriate.[1]  Therefore, the court finds that the time counsel spent evaluating the
18 court order was justified.

19 Plaintiff also requests fees for the 5.9 hours that his attorney spent evaluating
20 defendant's EAJA opposition and preparing the reply.  A prevailing party under the EAJA is
21 entitled to fees for the litigation over the fees. *Commissioner, INS v. Jean*, 496 U.S. 154, 160
22 (1990).  Reasonableness of fees must be separately determined. *Atkins v. Apfel*, 154 F.3d 986,
23 989 (9th Cir. 1998).  Having reviewed the EAJA briefings, the court finds that 5.9 hours was a
24 reasonable amount of time to spend on the reply.

25 Considering the documented hours and results obtained by plaintiff's counsel, the court
26 finds there was adequate documentation, and no duplicative efforts, excessive time spent,

---

28 [1]Plaintiff's counsel performed this task on October 28, 2008, which was within the 60-day time limit for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(B).

3

1 dilatory conduct, or disproportionate fees. Accordingly, the court finds that counsel's total
2 billed time of 35.7 hours is reasonable as required under the EAJA.

### C. Proper Payee Under the EAJA

Plaintiff requests that the award be paid directly to his attorney. Although plaintiff cites case law from various district courts in support of the request, there is no Ninth Circuit authority that addresses the EAJA directly on this issue. This court is persuaded that under the plain language of the EAJA, and as interpreted by other courts, the award of attorney's fees is to be paid to plaintiff as the "prevailing party," and not to his attorney. *See McCarty v. Astrue*, 505 F. Supp.2d 624, 629 (N.D. Cal. 2007). Accordingly, the award of attorney's fees shall be paid in the amount of $6,014.19 to plaintiff Sarinh Duong.

**IT IS SO ORDERED.**

Dated: 4/1/09



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4